IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RUSSELL E. FOLK, | : | CIVIL ACTION |
| Petitioner | : | |
| v. | : | |
| | : | |
| JOHN M. McCULLOUGH, ET AL., | : | 02-CV-4745 |
| Respondent | : | |

## ANSWER TO THE MOTION FOR WRIT OF HABEAS CORPUS

MARK C. BALDWIN, District Attorney of Berks County, Pennsylvania, by KELLY S. KLINE, Assistant District Attorney, on behalf of the Respondent, respectfully requests that this Court deny this Petition for Writ of Habeas Corpus and in support of that request, states:

1. As the Respondent, the Commonwealth has dispensed with a seriatim answer for the sake of clarity.

2. On October 15, 1997, petitioner was charged by Information filed at criminal action No. 3310/97 with Rape, Involuntary Deviate Sexual Intercourse, Sexual Assault, Aggravated Indecent Assault, Indecent Assault, Endangering the Welfare of a Child, and Corruption of Minors.[1] (Appendix at A6-A9).

3. On May 6, 1998, a jury convicted petitioner of all charges. (Appendix at A10-A12)

4. The Honorable Stephen B. Lieberman sentenced petitioner to an aggregate term of six to thirty years incarceration on June 26, 1998. (Appendix at A13-A15). Following imposition of sentence, the trial court granted trial counsel's request to withdraw. (Appendix at

---

[1] 18 Pa. C.S.A. §3121(a)(1), (a)(6), 18 Pa. C.S.A. §3123(a)(1), (a)(6), 18 Pa. C.S.A. §3124.1, 18 Pa. C.S.A. §3125(a)(1), (a)(7), (a)(8), 18 Pa. C.S.A. §3126(a)(1), (a)(7), 18 Pa. C.S.A. §4304, and 18 Pa. C.S.A. §6301, respectively.

A16).

5.  On July 27, 1998, petitioner through his new counsel, filed a notice of appeal to the Superior Court of Pennsylvania. In *Commonwealth v. Folk*, 1159 HBG 1998, dated July 9, 1999, the Superior Court of Pennsylvania affirmed the judgment of sentence. (Appendix at A17-A25).

6.  On or about April 5, 2000, petitioner filed a *pro se* petition under the Post Conviction Relief Act. (Appendix at A27-A49). The PCRA court appointed Gail Chiodo, Esquire, to assist petitioner in his quest for relief. (Appendix at A50).

7.  On or about August 1, 2000, Attorney Chiodo filed a *Finley* Petition to support her request to withdraw as counsel for petitioner. (Appendix at A51-A65). On August 31, 2000, Judge Lieberman allowed Attorney Chiodo to withdraw and filed a Notice of Intent to dismiss the petition without a hearing. (Appendix at 66-A74). On or about September 26, 2000, Judge Lieberman dismissed petitioner's Post Conviction Relief Act petition. (Appendix at A75).

8.  On October 24, 2000, petitioner filed a *pro se* appeal to the Superior Court of Pennsylvania challenging the order dismissing his petition under the Post Conviction Relief Act. In *Commonwealth v. Folk*, 1916 MDA 00, dated November 21, 2001, the Superior Court of Pennsylvania affirmed the PCRA court's dismissal of the Post Conviction Relief Act petition. (Appendix at A85-A101).

9.  On July 10, 2002, the Supreme Court of Pennsylvania denied petitioner's request for allowance of appeal. (Appendix at A102).

10. A review of the record appears to indicate that petitioner did not present the claims raised on direct appeal to the Supreme Court of Pennsylvania. Petitioner did, however, petition for allowance of appeal to the Supreme Court of Pennsylvania following the denial of

his request for relief pursuant to the Post Conviction Relief Act.

11.    The Commonwealth denies that Folk is entitled to federal habeas review at this time. To satisfy the federal habeas exhaustion requirement, a state prisoner must give the state's highest court a fair opportunity to review the merits of his habeas claims. 28 U.S.C. § 2254(b)(A). Comity requires that the Supreme Court of Pennsylvania have the opportunity to review the claims in the case presently before this Court before federal review is appropriate. Folk alleges trial court error in denying his motion to suppress statements, in precluding alibi testimony, and in refusing to give proper instructions. These claims were raised on direct appeal to the Superior Court of Pennsylvania but were never presented to the Supreme Court of Pennsylvania. Therefore, these claims are not exhausted.

However, exhaustion can be excused pursuant to 28 U.S.C. § 2254(b)(1) where a return to state court would be futile due to "an absence of available State corrective process." *Lines v. Larkins*, 208 F.3d 153, 162 (3d Cir. 2000). Despite the fact that exhaustion can be excused in this manner, petitioner has procedurally defaulted these claims. In *Coleman v. Thompson*, the United States Supreme Court explicitly stated that a state prisoner who has defaulted on his federal claims in state court pursuant to an independent and adequate state procedural rule is barred from federal habeas review, unless the prisoner can demonstrate external cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice. *Coleman v. Thompson*, 501 U.S. ___, 11 S.Ct. 2546, 115 L.Ed.2d 640 (1991). The Supreme Court recognized the important interest in finality served by state procedural rules, and the significant harm to the States that results from the failure of federal courts to respect them. *Id*., 115 L.Ed.2d at 669. Since the contentions raised by petitioner were not resolved on the merits in the state

proceedings due to petitioner's failure to raise and present them as required by the Commonwealth's procedural rules, he is barred from now seeking federal habeas review of those claims.

The Supreme Court designed a "Cause and Prejudice" exception to the procedural default doctrine, whereby a procedural default can be overcome if the petitioner can show actual cause and prejudice, but did not specifically define either "cause" or "prejudice". *Murray v. Carrier*, 477 U.S. 478, 488, 106 S.Ct. 2639, ___, 91 L.Ed.2d 397, ___ (1986). For a petitioner to generally show proper "Cause" for his default, he must prove some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule. *Id.*, 477 U.S. at 488. The Supreme Court has also held that "prejudice" in habeas cases require more than a "possibility of prejudice" and that the error must have "worked to [the petitioner's] *actual* and substantial disadvantage. *United States v. Frady*, 456 U.S. 152, 170, 102 S.Ct. 1584, ___, 71 L.Ed.2d 816, 832 (1982)(emphasis in original). The petitioner arguing for federal habeas relief bears the burden of coming forward with an explanation sufficient to establish cause with specific allegations of prejudice. *Wainwright v. Sykes*, 433 U.S. 72, 90-1, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977); *Frady*, 456 U.S. at 170. Therefore, Folk has procedurally defaulted on his first three claims and relief should be denied without reaching the merits of the issues.

12. The independent and adequate state ground doctrine "applies to bar federal habeas when a state court declined to address a prisoner's federal claims because a prisoner had failed to meet a state procedural requirement." *Coleman*, 115 L.Ed2d at 656. Petitioner's ninth issue alleging ineffective assistance of counsel for trial counsel's failure to impeach two Commonwealth witnesses was presented to the Superior Court of Pennsylvania in an appeal from the denial of relief under the Post Conviction Relief Act. The Superior Court of

Pennsylvania, however, refused to reach the merits of the issue finding that the issue had been waived. Therefore, this claim should be deemed procedurally defaulted and review on the merits denied.

13.    For the reasons set forth in the accompanying Memorandum of Law, the claims that are not procedurally defaulted are meritless and the petition should be denied without a hearing.

**WHEREFORE**, for the reasons set forth in the accompanying Memorandum of Law, the Commonwealth, as the Respondent, respectfully requests that this Court deny without a hearing the Petition for Writ of Habeas Corpus.

        Respectfully submitted,

        _____
        **KELLY S. KLINE**
        Assistant District Attorney