IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RUSSELL E. FOLK, | : | CIVIL ACTION |
| Petitioner | : | |
| | : | |
| v. | : | |
| | : | |
| JOHN McCULLOUGH, ET AL., | : | 02-CV-4745 |
| Respondent | : | |

## MEMORANDUM OF LAW

Petitioner, Russell E. Folk, seeks federal habeas review of one claim of trial court error and ten allegations of ineffective assistance of counsel. The first allegation involves alleged trial court error in imposing sentence, first asserting that the court erred in imposing consecutive versus concurrent sentences, then baldly asserting that the sentence is disproportionate. The consecutive versus concurrent claim is not cognizable under federal habeas review and the disproportionate claim is without merit. The remaining claims allege that petitioner's right to effective assistance of counsel was violated. Petitioner fails, however, to establish with specificity that his claims would have been successful.

## ARGUMENT

I.  **PETITIONER'S ALLEGATIONS OF TRIAL COURT ERROR IN IMPOSING SENTENCE ARE IN ONE RESPECT NOT COGNIZABLE UNDER FEDERAL HABEAS RELIEF AND IS OTHERWISE WITHOUT MERIT.**

Petitioner alleges that the trial court erred in imposing consecutive sentences rather than concurrent sentences. Petitioner fails to assert how this implicates any federal constitutional right. The imposition of consecutive versus concurrent sentences lies within the discretion of the trial court. Any error committed by the trial court involves a question of state law that is not cognizable. ***See Jones v. Superintendent of Rahway State Prison***, 725 F.2d 40, 43 (3d Cir.

1984).  Moreover, petitioner baldly asserts that his sentence is disproportionate but "makes no contention that the disparity in sentencing was the result of discrimination based on race, sex, or similar grounds which would implicate the federal constitution."  *Jones*, 725 F.2d at 43.  Therefore, the allegations involving petitioner's sentence are not a basis for federal habeas relief.

## II.    PETITIONER'S RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL WAS NOT VIOLATED.

Next, petitioner raises numerous issues of ineffective assistance of counsel.  Specifically, the petitioner alleges that counsel was ineffective for failing to provide transcripts of the preliminary hearing, for failing to investigate an alibi defense, for failing to file a timely "Notice of Alibi", for failing to ask for postponement to bring in alibi evidence, for misrepresenting himself to the jury, for failing to object to improper instructions to the jury, for failing to present character evidence, and for failing to file a direct appeal.  These claims must fail.

A conviction cannot be overturned on ineffective assistance of counsel grounds unless a petitioner meets a two-pronged test:

> First, the defendant must show that counsel's performance was deficient.  This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.  Second, the defendant must show that the deficient performance prejudiced the defense.  This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.  Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

*Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052 (1984).  In order to meet this standard, the petitioner must show that his attorney's performance was deficient and the deficiency was so egregious that it prejudiced petitioner's case to the extent that the verdict is unreliable.

Moreover, Pennsylvania courts have established a two-prong test for assessing counsel's effectiveness.  First, ". . .counsel's performance is evaluated in light of its reasonableness if it is

determined that the underlying claim is of arguable merit." ***Commonwealth v. Pierce***, 527 A.2d 973 (Pa. 1987). In addition, Pennsylvania courts ". . .have required that the defendant demonstrate how the ineffectiveness prejudiced him." Id. If the claim is devoid of merit, the inquiry ceases. If the claim possesses merit, appellant must show counsel's course of action had no basis.

Finally, the United States Supreme Court has held that factual determinations made by state courts should be given a "high measure of deference." ***Sumner v. Mata***, 455 U.S. 591, 101 S.Ct. 764 (1982). By way of further explanation, the Supreme Court added that "[t]his deference requires that a federal habeas court more than simply disagree with the state court before rejecting its factual determinations. Instead, it must conclude that the state court's findings lacked even 'fair support' in the record. ***Marshall v. Lonberger***, 459 U.S. 422, 103 S.Ct. 843 (1983).

Petitioner fails to meet these requirements. Petitioner fails to establish that the performance of trial counsel was deficient and that he suffered any prejudice. Petitioner had the opportunity to present each of his claims to the Superior Court of Pennsylvania. The Superior Court found each of the claims to be either without merit or waived, therefore, it cannot now be asserted that counsel's performance was deficient. Specifically, the PCRA court and the Superior Court of Pennsylvania held that the failure to provide transcripts and the misrepresentation made by trial counsel were not cognizable under the PCRA because they did not implicate the truth-determining process nor did they implicate any constitutional rights of the petitioner. In addition, the courts held that this misrepresentation could not have possibly prejudiced the petitioner, therefore, no relief was warranted. The PCRA court and Superior Court denied relief on the alibi issues finding that they were previously litigated on direct appeal

and that the affidavits of witnesses provided did not establish an alibi defense, therefore, the claim was without merit. In addition, the PCRA and Superior Court held that the failure to object to improper instructions and the failure to present character evidence issues were without merit. Finally, the PCRA court and the Superior Court held that the issue alleging ineffectiveness of trial counsel for failing to file a direct appeal is without merit because the petitioner had the benefit of a direct appeal, just with different counsel.

Moreover, petitioner fails to assert how he was prejudiced by each of the claims now raised. The state courts have held that the claims raised are without merit and that even if there were merit to any of them, that the petitioner cannot show prejudice. For those reasons, these claims should be denied.

In addition, as stated previously, factual determinations made by state courts should be given deference when analyzed by the federal habeas court. The PCRA court made factual determinations in denying relief and the Superior Court affirmed those determinations. Again, the factual determinations are supported by the record and should be given all due deference.

**WHEREFORE**, for the foregoing reasons, the Commonwealth, as the Respondent, respectfully requests that this Court dismiss the Petition for Writ of Habeas Corpus without a hearing.

Respectfully submitted,

_____
**KELLY S. KLINE**
Assistant District Attorney