```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA

RUSSELL E. FOLK                  :     CIVIL ACTION
                                 :     NO. 02-4745
     Petitioner,                 :
                                 :
     v.                          :
                                 :
JOHN M. McCULLOUGH, et al.       :
                                 :
     Respondents.                :
```

**ORDER**

**AND NOW**, this **18th** day of **February, 2003,** upon consideration of petitioner's Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254, and after de novo review of the Report and Recommendation of United States Magistrate Judge Charles B. Smith and petitioner's objections thereto, it is hereby **ORDERED** as follows:

      1.  Petitioner's objections to the Report and Recommendation of United States Magistrate Judge Charles B. Smith (doc. no. 14) are **OVERRULED**;[1]

---

[1] Petitioner has filed a number of objections to the Report and Recommendation of the Magistrate Judge. These objections are essentially a restatement of the arguments made in the original petition. For the reasons that follow, petitioner's objections are overruled.

      First, with regards to petitioner's claims which were found by the magistrate judge to have been procedurally defaulted, the petitioner notes that on page 19 of the Report and Recommendation, Magistrate Judge Smith states that the petitioner "makes no allegations of actual innocence" and that therefore, he cannot benefit from the miscarriage of justice exception to procedural default. See Coleman v. Thompson, 501 U.S. 722, 749-50 (1991) (holding that to survive procedural default in federal courts, the petitioner must "demonstrate cause for the default and actual prejudice . . . or demonstrate that failure to consider the [procedurally defaulted] claims will result in a fundamental miscarriage of justice"); Murray v. Carrier, 477 U.S. 478, 496 (1986) (holding that the fundamental miscarriage of justice exception requires a showing of actual innocence on the part of the petitioner). The petitioner points out,

---

however, that he did, in fact, claim actual innocence in his habeas petition.

In order to benefit from the miscarriage of justice exception to procedural default, however, a petitioner must present more than mere allegations of innocence. Rather, a habeas petitioner must show, usually by way of new evidence, that "no reasonable jury would have convicted him" of the charged offense. Schlup v. Delo, 513 U.S. 298, 327 (1986). In the present case, the only evidence offered by petitioner, which could tend to establish actual innocence, is his testimony and the affidavits of his wife and two former employers, alleging that petitioner worked on Friday and Saturday nights, which represent the hours during which petitioner was accused of sexually molesting his grandchild. This evidence is compromised, however, by the affidavits themselves, which also state that petitioner did not work on Friday and Saturday nights during the Summer months of 1995, and fail to even address the Summer of 1996, which represent the periods during which the petitioner was accused of molesting his grandchild. Weighed against the evidence offered against the petitioner at trial, these allegations are insufficient to establish actual innocence under Schlup.

Second, and also regarding claims which were found to have been procedurally defaulted as a result of petitioner's failure to file a discretionary appeal of the appellate court's decision to the Pennsylvania Supreme Court, the petitioner argues that he has demonstrated cause. See Murray, 477 U.S. at 496. Specifically, petitioner alleges that approximately ten (10) days, of the 30 day period during which petitioner could have sought an allowance of appeal, had passed before he was made aware of the Superior Court's denial of his claims, and that therefore, he did not have sufficient time to seek review from the Pennsylvania Supreme Court. Petitioner, however, never petitioned for allowance of appeal. Had petitioner filed a petition for allowance of appeal, but filed late, the alleged ten (10) day lag may have, under the circumstances, supported a finding of cause. However, because petitioner completely failed to seek discretionary review, he cannot claim that a ten (10) day delay between the Superior Court's decision and his receipt of notice thereof justifies this failure. It should be noted here that although In Re Exhaustion of State Remedies in Criminal and Post Conviction Relief Cases, No. 218 1, 2 (Pa. May 9, 2000) provides that federal habeas petitioners need no longer petition for an allowance of appeal to the Pennsylvania Supreme Court in order to be deemed to have exhausted their state court remedies, the petitioner's time for petitioning for an allowance of appeal expired before Order No. 218 was issued, and therefore, Order No. 218 cannot be retroactively applied to petitioner's case. See Wenger v. Frank, 266 F.3d 218 (3d Cir. 2001).

Third, petitioner objects to the Magistrate Judge's finding that the trial court did not commit error by precluding the testimony

-2-

---

of potential alibi witnesses.  This claim was found by the magistrate judge to be procedurally defaulted.  Petitioner's objection, however, addresses only the merits of this claim, and offers no evidence that would support a finding of cause and prejudice or a miscarriage of justice, which would allow the court to except the petitioner from the exhaustion requirement.

Fourth, petitioner objects to the Magistrate Judge's finding that the trial court did not violate petitioner's due process rights by failing to instruct the jury regarding an alibi defense.  In petitioner's state court post conviction proceeding, the Superior Court of Pennsylvania found that because the petitioner's grandson never testified as to the specific dates on which the incidents of abuse occurred, petitioner could not have presented a plausible alibi defense, and that therefore, petitioner was not entitled to an alibi instruction.  Magistrate Judge Smith agreed with the decision of the Superior Court and held that the trial court's failure to give the jury an alibi instruction did not violate plaintiff's constitutional due process rights.

It is well established that "the fact that [a jury] instruction was allegedly incorrect under state law is not a basis for habeas relief." Estelle v. McGuire, 502 U.S. 62, 71-72.  In order for petitioner to be entitled to federal habeas relief, the court must determine that the state court proceedings "resulted in a decision that was contrary to . . . clearly established federal law. . . ." 28 U.S.C. § 2254(d).  Accordingly, the issue before the court is whether, in the context of the instructions as a whole, the trial court's failure to instruct the jury on an alibi defense "so infected the entire trial that the resulting conviction violates due process," or some other constitutional right. Estelle, 502 U.S. at 72.  The petitioner does not specify which constitutional right was allegedly violated by the trial court.  However, the constitutional right that is generally implicated by a trial court's failure to properly instruct the jury on the question of alibi is a criminal defendant's due process right to be convicted only upon proof of guilt beyond a reasonable doubt. United States v. Simon, 995 F.2d 1236, 1243 (3d Cir. 1993); see United States v. Barasso, 267 F.2d 908, 910-911 (3d Cir. 1959) (a specific jury instruction must be given to inform the jury "that the government's burden of proof covers the defense of alibi, as well as all other phases of the case").  In Simon, the court recognized that, under Third Circuit jurisprudence, when a criminal defendant asserts an alibi defense, the trial court commits error by failing to so instruct the jury. Simon, 995 F.2d at 1243-44.  The Third Circuit noted, however, that such an error is not constitutional error, so long as the instructions given do not confuse the burden of proof, and therefore, constitutes harmless error if the court concludes that it is "highly probable that the error did not affect the judgment". Id.  Accordingly, the precise inquiries before the court are: 1) whether the petitioner asserted an alibi defense at trial; and if so, 2) is it highly probable that the trial court's

---

failure to give an alibi instruction to the jury did not affect the judgment.

Under Pennsylvania law, a criminal defendant is deemed to have asserted an alibi defense when the evidence at trial, even if such evidence consists only of the defendant's own testimony, places the defendant in a place other than the scene of the alleged crime. See Commonwealth v. Kolenda, 676 A.2d 1187, 1191 (Pa. 1996); Commonwealth v. Whiting, 197 A. 2d 563, 566 (Pa. 1963). A criminal defendant is not deemed to have asserted an alibi defense, however, where the testimony of the defendant simply constitutes a denial of guilt. See Kolenda, 676 A. 2d at 1191.

As noted by the Superior Court, at petitioner's trial, his grandson testified that he was molested by the petitioner on Friday and Saturday nights, but he did not provide specific dates or times. Petitioner, on the other hand, alleges that he could not have molested his grandson because he worked Friday and Saturday nights. Petitioner concedes, however, that he did not work during a five week period in the Summer of 1995, which represents one of the periods during which he was accused of molesting his grandchild. Accordingly, petitioner did not present evidence that would demonstrate that he was "so removed from the scene of the alleged crime as to render it impossible for him to be the guilty party," as he is required to do in order to establish an alibi defense. Whiting, 187 A.2d at 566. Under these circumstances, petitioner's assertions merely constitute a denial of guilt. See Kolenda, 676 A.2d at 1191. Accordingly, the court agrees that petitioner was not entitled to an alibi instruction.

Assuming arguendo that petitioner had asserted a plausible alibi defense and was therefore, entitled to an alibi instruction to the jury, the court concludes that, under the above standard, the error was harmless. The "highly probable" standard, as discussed above, has been defined by the Third Circuit as a "sure conviction that the error did not prejudice the defendant." Simon, 995 F.2d at 1244. A court may be firmly convinced that the error was harmless, however, without disproving every "reasonable possibility of prejudice." Id. In light of the evidence on the record, as set forth and addressed by the Magistrate Judge, and especially the holes and inconsistencies present in petitioner's alleged alibi, the court concludes that it is highly probable that the trial court's failure to give an alibi instruction did not affect the judgment, and therefore, any error resulting from its failure to do so was harmless.

Finally, petitioner objects to the Magistrate Judge's recommendation that his claims of ineffective assistance of trial and appellate counsel be denied and dismissed. However, nowhere in petitioner's objections does he offer sufficient facts to demonstrate prejudice, i.e., a reasonable probability that but for the alleged errors of counsel, he would not have been convicted. See Strickland v. Washington, 466 U.S. 668, 694 (1984).

      2.    The Report and Recommendation (doc. no. 13) is **APPROVED** and **ADOPTED**;

      3.    The Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254, is **DENIED** and **DISMISSED with prejudice**; and

      4.    There is no probable cause to issue a certificate of appealability.

It is **FURTHER ORDERED** that petitioner's motion for appointment of counsel (doc. no. 6) is **DENIED**.[2]

---

For the foregoing reasons, petitioner's objections to the Report and Recommendation of Magistrate Judge Smith are overruled.

[2] There is no automatic constitutional right to counsel in a federal habeas corpus proceeding. Reese v. Fulcomer, 946 F.2d 247, 263 (3d Cir. 1991). Under certain circumstances, however, the court may, in its discretion, appoint an attorney to represent an indigent habeas petitioner, so long as "the petitioner has presented a nonfrivolous claim and if appointment of counsel will benefit the petitioner and the court." Id. at 263-64. Thus, petitioner must demonstrate that his claims have some merit before counsel will be appointed. See id. Since Reese, the Third Circuit has had a number of opportunities to revisit the issue of when a court may appoint counsel to an indigent civil litigant. See Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir 1997); Tabron v. Grace, 6 F.3d 147, 155-57 (3d Cir. 1993). In Parham and Tabron, the court held that after a threshold finding that a civil litigant's claims are arguably meritorious, courts consider the following factors in determining whether counsel should, in fact, be appointed: 1) the plaintiff's ability to present his own case; 2) the complexity of the legal issues; 3) the extensiveness of the factual investigation necessary to effectively litigate the case and the plaintiff's ability to pursue such an investigation; 4) the degree to which the case may turn on credibility determinations; 5) whether the testimony of witnesses will be necessary; and 6) whether the plaintiff can attain and afford counsel on his own behalf. See Parham, 126 F. 3d at 457-58; Tabron, 6 F.3d at 155-57.

Parham and Tabron involved the issue of appointment of counsel to civil litigants, but did not specifically involve habeas petitioners. A number of courts within our circuit, however, have applied Parham and Tabron to habeas cases in which the petitioner sought appointed counsel. See, e.g., Biggins v. Snyder, No. 99-188, 2001 WL 125337, at *2-3 (D. Del. Feb. 8, 2001); Hendel v. Vaughn, No.

**AND IT IS SO ORDERED**

                                              _____
                                              **EDUARDO C. ROBRENO,              J.**

---

00-783, 2000 WL 1456906, at *3 (E.D. Pa. Aug. 25, 2000); <u>United States v. Roman</u>, No. 96-2639, 1996 WL 311450, at *2 (E.D. Pa. June 11, 1996).

       In this case, for the reasons discussed in the Report and Recommendation of Magistrate Judge Smith and in footnote one of this order, the court concludes that the petitioner has failed to establish that his claims are arguably meritorious, thus failing the first prong of the <u>Tabron</u> test.  Therefore, petitioner's motion for appointment of counsel must be denied.